IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NAEEMAH H CLEMENS,** et al., | CIVIL ACTION |
| Plaintiffs, | |
| v. | No. 25-3081-KSM |
| **ARDENT CREDIT UNION,** et al., | |
| Defendants. | |

**MEMORANDUM**

MARSTON, J.                                                                                                November 24, 2025

Pro se Plaintiff Naeemah H. Clemens brings this action against Defendants Ardent Credit Union, O'Neil Nissan Inc.,[1] their employees,[2] the Attorney General of Pennsylvania, the "Comptroller of the Currency," and the Pennsylvania Secretary of State.[3]  (Doc. No. 1 at 2–4.) For the reasons discussed below, this case is dismissed.

**I.    BACKGROUND**

Clemens's allegations are bare bones and sometimes difficult to follow.  Taking those allegations as true and liberally construing them in Clemens's favor, Clemens alleges that on

---

[1] O'Neil Nissan is mistakenly identified in the Complaint as "O'neil Nissian Inc."  (*See* Doc. No. 1 at 4.)

[2] The following individual Defendants are associated with Ardent Credit Union:  Robert Werner, Marcella McCullaugh, James Tait (risk management), John Trezza (risk management), and "Ardent Credit Union Legal Team."  (*See* Doc. No. 1 at 3–4 (listing the same address for each Defendant and Defendant Ardent Credit Union).)  And the following individual Defendants are associated with O'Neil Nissan:  John Arpa, Bill O'Neil, and Drew Pearlman.  (*See id.* (listing the same address for each Defendant and Defendant O'Neil Nissan).)

[3] Although Clemens lists the United States as an additional Plaintiff in the caption of her form Complaint (*see* Doc. No. 1 at 2), she does not identify the United States as a Plaintiff in the body of her Complaint (*see generally id.*).  In any event, Clemens is not authorized to bring claims on behalf of the United States.  Accordingly, the United States will be terminated as a Plaintiff.

May 31, 2022, O'Neil Nissan sold her a Nissan Pathfinder. (Doc. No. 1 at 5.) The purchase was made pursuant to a Retail Installment Sale Contract funded by a loan agreement with Ardent Credit Union. (*Id.*; *see also* Doc. No. 1-1 at 2–3 (sale contract); *id.* at 8–9 (credit application); *id.* at 16 (conceding that she signed "an application for Ardent Credit Union to act as Federal Reserve Agent and to perform fiduciary duties for a promise to pay . . . along with a down payment of $2,120.00 towards her new purchase").) Clemens claims she was not aware of the "unconscionable agreement" when she purchased the vehicle, and it was only "[a]fter a year of [making] on time payments" that she learned her loan application was "not the proper process for acquiring a motor vehicle . . . for private use." (Doc. No. 1 at 5; Doc. No. 1-1 at 16.) Accordingly, on July 11, 2023, Clemens began questioning Ardent Credit Union about the loan agreement, but Defendants "Marcella McCullough, James Tait, [and] John Trezza" eventually stopped responding to her questions. (Doc. No. 1 at 5; Doc. No. 1-1 at 16.) At some point, Clemens's account entered default, and she was threatened with repossession of the vehicle. (Doc. No. 1 at 5; *see also* Doc. No. 1-1 at 18 (claiming the Nissan Pathfinder is "in her possession" and seeking delivery of a "free and clear title").)

On June 17, 2025, Clemens filed this lawsuit, claiming constitutional violations pursuant to 42 U.S.C. § 1983 and violations of various federal statutes, including 18 U.S.C. § 4 and the Fair Debt Collection Practices Act ("FDCPA"). (Doc. No. 1 at 4, 19.)[4] She alleges that she has sustained financial hardship and suffering as well as emotional distress from Defendants'

---

[4] Clemens also lists the Privacy Act, the Administrative Procedures Act, and the Tucker Act as bases for the Court's federal question jurisdiction (Doc. No. 1 at 4), and she checks the box next to "Qui Tam (31 USC 3729(a))" on the Court's form Civil Cover Sheet (*id.* at 19). But none of these statutes are mentioned in the body of her Complaint or remotely implicated by Clemens's allegations, so the Court does not discuss them further.

actions. (*Id.* at 6.) And she seeks monetary damages in the form of "full compensation [for her] auto loan ($41,303)" as well as reimbursement of "court fees" for filing this action. (*Id.*).[5]

Defendants Ardent Credit Union, Werner, and McCullough (collectively, the "Ardent Defendants") have moved to dismiss her claims (*see* Doc. No. 6), as have Defendants O'Neil Nissan, Arpa, O'Neil, and Pearlman (collectively, the "O'Neil Defendants") (*see* Doc. No. 9). Clemens opposes those motions. (*See* Doc. No. 11.) She has also filed numerous motions with various titles, all of which move for disqualification of defense counsel and to strike Defendants' filings. (*See* Doc. Nos. 10, 11, 14, 19, 20, 25, 32, 34.) The Court begins with Defendants' motions to dismiss before turning to Clemens's miscellaneous motions.

## II. DEFENDANTS' MOTIONS TO DISMISS

Defendants move to dismiss Clemens's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Doc. Nos. 6, 9.)

### A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "Facial plausibility" is when a plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This "plausibility standard" is not the same as a

---

[5] Clemens also seeks nonmonetary relief in a paragraph that is indecipherable:

> Show proof of Capacity, Lending Authority by the Bank, prove that there was no fraud in the inducement due to institutional advantage, valid consideration or lawful exchange, reporting and location, scope, judiciary and non-judicial procedure, payment of obligations of interest on public Debt, issuance of reserve banks; nature of obligation, Articles of association, Signing of articles of association, investment in banking premises or stock of corporation holding premises, powers of Board.

(Doc. No. 1 at 6.)

"'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Although a plaintiff does not need to include "detailed factual allegations" to survive a Rule 12(b)(6) motion, the plaintiff must "provide the grounds of his entitlement to relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted); *see also Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (explaining that the court "must accept the allegations in the complaint as true, but [is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation" (quotation marks omitted)).

### B. Analysis

As noted above, the Complaint implicates multiple federal statutes. (*See* Doc. No. 1 at 4, 19.) Defendants interpret Clemens's claims as resting on three of these statutes: 42 U.S.C. § 1983, 18 U.S.C. § 4, and the FDCPA. (Doc. No. 6-4 at 7; Doc. No. 9-2 at 4.) Clemens has not contested that interpretation, and the Court agrees that even liberally interpreting Clemens's allegations, it is the only reasonable reading of the Complaint.

#### 1. Section 1983 Claims

First, Clemens brings claims under § 1983 arguing that the terms of the sale contract and loan agreement violate her First, Fourth, and Fifth Amendment rights. (Doc. No. 1 at 4.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendants argue that Clemens's § 1983 claims should be dismissed as time-barred. (Doc. No. 6-4 at 15.) The Court agrees.

The timeliness of a §1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Clemens alleges that the events giving rise to her claims occurred in Warminster, Pennsylvania. (Doc. No. 1 at 5.) Pennsylvania's statute of limitations for a personal injury action is two years. *Kach*, 589 F.3d at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Clemens's civil rights claims is two years.

Claims under § 1983 accrue "when a plaintiff has a complete and present cause of action, that is, when [she] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (internal quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [her] action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Additionally, federal law permits equitable tolling of claims: "(1) where a defendant actively misleads a plaintiff with respect to [her] cause of action; (2) where the plaintiff has been prevented from asserting [her] claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts [her] claims in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

Here, Clemens's § 1983 claims arise out of the sale of the Nissan Pathfinder on May 31, 2022. (*See* Doc. No. 1 at 5 (identifying May 31, 2022 as the date that the "events giving rise to [her] claim(s) occur[red]"); *id.* (alleging that the "unconscionable" purchase agreement and contemporaneous loan agreement constitute "a trespass of [her] private rights and property").) But Clemens did not file this action until June 17, 2025, more than three years later. (*See* Doc. No. 1.) In the Complaint, Clemens suggests she could not have reasonably known that the sale contract and loan agreement violated her rights until well after the purchase date, because "[a]t

5

the time," she was not aware of either agreement. (Doc. No. 1 at 5.) But Clemens has submitted copies of the sale contract and loan agreement, both of which include Clemens's signature, dated May 31, 2022. (*See* Doc. No. 1-1 at 2–3, 8.) It is thus clear that Clemens has known about the contracts and their allegedly unconstitutional terms since that date, yet she did not file this action until more than a year after the statute of limitations had run. *See Sameric Corp. of Del., Inc.*, 142 F.3d 582 at 599; *see also Pocono Intern. Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983) ("[T]he statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations."). Accordingly, Clemens's § 1983 claims are time barred,[6] and the Court dismisses them with prejudice.[7]

### 2. **Violations of 18 U.S.C. § 4**

Next, Clemens purports to bring claims for violations of 18 U.S.C. § 4, which criminalizes the misprision of felonies. *See* 18 U.S.C. § 4 ("Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than

---

[6] Clemens does not argue for equitable tolling, nor is there anything in the Complaint or her other filings to suggest tolling is appropriate here. *See Holmes v. Veith*, No. 22-3263, 2023 WL 6457816, at *2 (3d Cir. Oct. 4, 2023) ("No basis for tolling is apparent, and Holmes has made no argument for tolling. Accordingly, it is clear that the claims are time-barred and that the Complaint therefore fails to state a claim upon which relief can be granted.").

[7] In the alternative, dismissal with prejudice is appropriate because all the Defendants except for the Attorney General of Pennsylvania and the Pennsylvania Secretary of State, are private individuals, private entities, and a federal employee. There are no allegations from which the Court can find that they are state actors or that they were acting "under color of state law" when Clemens finalized the purchase and financing of her Nissan Pathfinder. *See Egli v. Chester Cnty. Library Sys.*, 394 F. Supp. 3d 497, 504–05 (E.D. Pa. 2019) (emphasizing that "Section 1983's 'color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law'" and explaining those "limited circumstances" when a "private entity may be considered a state actor," none of which are implicated here (quoting *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995))).

three years, or both."). But § 4 is a criminal statute, which contains no private cause of action, and thus, cannot serve as the basis for this civil lawsuit. *See, e.g.*, *Winston v. Pavlock*, No. 10cv75, 2011 WL 2731785, at *4 (W.D. Pa. July 13, 2011) (concluding that § 4, "to the extent . . . relevant to the facts alleged in the complaint," did not "provide Winston any private right to legal relief") (collecting cases); *Keys v. U.S. Dep't of Justice*, No. 07cv4050, 2008 WL 1848117, at *1 n.2 (E.D. Pa. Apr. 24, 2008) (dismissing the plaintiff's claims because § 4 does not "provide[ ] a private cause of action"). Accordingly, Clemens's claims are dismissed with prejudice to the extent they are based on § 4.

### 3. Violations of the FDCPA

Last, Clemens brings claims pursuant to the FDCPA. Congress passed the FDCPA to address the widespread use of abusive debt collection practices, which were contributing to societal ills like personal bankruptcies, marital instability, job loss, and invasions of individual privacy. 15 U.S.C. § 1692(a). To accomplish this goal, § 1692k of the FDCPA imposes civil liability on debt collectors who engage in the abusive practices barred by the Act. *See id.* § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ."). "To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) [ ] the debt arose out of a transaction entered into primarily for personal, family, or household purposes; (3) [ ] the defendant collecting the debt is a 'debt collector'[;] and (4) [ ] the defendant violated, by act or omission, a provision of the FDCPA." *Ishmael v. GM Fin. Inc.*, Case No. 2:22-cv-1095-JDW, 2022 WL 2073821, at *2 (E.D. Pa. June 9, 2022) (citing *Joensen v. Pressler & Pressler*, 731 F.3d 413, 417 (3d Cir. 2015)).

Clemens alleges that the Ardent Defendants[8] violated the FDCPA when they wrongfully issued "threats of repossession."  (Doc. No. 1 at 4, 6.)  The Ardent Defendants argue that her FDCPA claims fail because Ardent is a "creditor directly collecting its own owed debt in its own name," and therefore, is not a "debt collector" as that term is defined by the FDCPA.  (Doc. No. 6-4 at 16 n.2.)  The Court agrees.  For the FDCPA's protections to apply, a plaintiff must allege facts tending to show that the defendant is a debt collector.  A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  A creditor generally is not considered a "debt collector," because collecting debts is often not the "principal purpose" of a creditor's business, and when it does attempt to collect a debt, it is typically a debt owed to itself and not one owed to "another."  *See Tepper v. Amos Fin.*, 898 F.3d 364, 366 (3d Cir. 2018) ("Creditors—as opposed to 'debt collectors'—generally are not subject to the Act." (quotation marks omitted and alterations adopted)); *Potoczny v. Aurora Loan Servs., LLC*, 33 F. Supp. 3d 554, 564 (E.D. Pa. July 22, 2014) ("The strictures of the FDCPA apply only to debt collectors, not creditors."); *Carlson v. Long Island Jewish Med. Ctr.*, 378 F. Supp. 2d 128, 130–31 (E.D.N.Y. 2005) ("[B]y its terms, the FDCPA limits its reach to those collecting the dues 'of another' and does not restrict the activities of creditors seeking to collect their own debts.").

---

[8] Clemens's Complaint does not specify against which Defendants she is bringing her FDCPA claims.  However, the Ardent Defendants are the only ones who could have threatened repossession of the Nissan Pathfinder as Ardent Credit Union is the holder of the auto loan.  Accordingly, the Court interprets this claim as being brought only against the Ardent Defendants.

Here, Clemens alleges that Ardent Credit Union has attempted to collect on the defaulted auto loan by threatening repossession of the Nissan Pathfinder. In other words, Ardent Credit Union is attempting to collect on a debt that Clemens owes to it. Accordingly, Ardent Credit Union is a creditor, not a debt collector, and the FDCPA does not govern its collection attempts. *See Tepper*, 898 F.3d at 366; *Potoczny*, 33 F. Supp. 3d at 564; *Carlson*, 378 F. Supp. 2d at 130–31.[9] Likewise, the FDCPA does not apply to "a creditor's officers or employees collecting debts for the creditor." *Tepper*, 898 F.3d at 366 (citing 15 U.S.C. § 1692a(6)(A)). The only allegations against Werner and McCullough relate to their communications with Clemens about the debt on behalf of their employer, Ardent Credit Union. (*See* Doc. No. 1 at 5; Doc. No. 1-1 at 24–30.) Accordingly, the FDCPA claims are also improper as to them.

In the alternative, the Ardent Defendants argue that the FDCPA claims should be dismissed as time-barred. The Court agrees. Clemens does not identify when the threats of repossession were made; however, she has submitted the communications that the Ardent Defendants sent to her, all of which were sent between July 18, 2023 and December 7, 2023. (*See* Doc. No. 1-1 at 24–30.) And Clemens alleges that after the final letter in December 2023, the Ardent Defendants "stopped responding to any/all questions/letters/emails" that she sent and they "completely stop[ped] all communications with [her]." (Doc. No. 1 at 5.) The statute of limitations for an FDCPA claim is one year. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within on year from the date on

---

[9] The FDCPA recognizes an exception under which a creditor may be considered a "debt collector" if "in the process of collecting [its] own debts, [the creditor] uses any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). This is known as the false-name exception, and it has "three components: a creditor must (1) use a name other than its own (2) in a way that would indicate a third person is attempting to collect its debt (3) in the process of collecting its own debt." *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1209 (11th Cir. 2019). Clemens has not argued that the false name exception applies in this case or alleged any facts from which the Court could find it may apply.

9

which the violation occurs."). As noted above, Clemens filed this action on June 17, 2025—more than a year and a half after she received the final letter from the Ardent Defendants. (*See* Doc. No. 1.) Because her FDCPA claims are time-barred, they are appropriately dismissed on this alternative ground as well.

Accordingly, the Court dismisses Clemens's claims against the Ardent Defendants with prejudice.

\*   \*   \*

In sum, the Court grants Defendants' motions to dismiss, and Clemens's claims for constitutional violations under 42 U.S.C. § 1983 and for violations of 18 U.S.C.§ 4 and the FDCPA are dismissed. Dismissal is with prejudice and without leave to amend because the defects identified in this Memorandum cannot be cured with additional factual allegations.[10] This ruling is extended to nonmoving Defendants Tart, Treeza, Ardent Credit Union Legal Team, the Attorney General of Pennsylvania, the Comptroller of the Currency, and the Pennsylvania Secretary of State because the reasons for dismissal—i.e., the lack of a private right of action for violations of criminal statutes and the passage of the statutes of limitation—equally foreclose Clemens's claims against those Defendants. *See Coulter v. Unknown Probation Officer*, 562 F. App'x 87, 89 n.2 (3d Cir. 2014) ("Because, as the following discussion makes clear, the District Court properly dismissed the complaint based on grounds raised by Extended Stay defendants, but common to all defendants, and to which Coulter had an opportunity to respond, we find no merit to her argument" that the district court lacked "authority to sua sponte dismiss the complaint against Unknown Officer.").[11]

---

[10] Accordingly, the Court denies Clemens's motion for leave to amend. (Doc. No. 35.)

[11] Because the Court dismisses Clemens's claims with prejudice, we also deny her motion for summary judgment. (Doc. No. 26.)

### III. CLEMENS'S MISCELLANEOUS MOTIONS

Clemens also brings multiple miscellaneous motions challenging defense counsels' authority to appear in this action on Defendants' behalf, requesting a hearing on the same, and moving to strike Defendants' filings because counsel lacks authority to file them. (*See* Doc. Nos. 10, 11, 14, 19, 20, 25, 32, 34.). The Court denies Clemens's request for a hearing (Doc. No. 20) and decides the motions on the papers. *See* L. Civ. R. 7.1(f) ("Any interested party may request oral argument on a motion. The court may dispose of a motion without oral argument."). Contrary to Clemens's belief (*see, e.g.*, Doc. No. 14 at 2), defense counsel does not need Clemens's consent to appear and participate in this action on Defendants' behalf. Nor does defense counsel need to submit retainer agreements or other proof of their authority to represent Defendants in this matter. Defense counsel, like all attorneys, are governed by the relevant rules of ethics, and by entering an appearance in this matter, implicitly represent that they have authority to represent the relevant clients. Clemens's motions challenging defense counsels' authority to represent Defendants are baseless and therefore, denied.

### IV. CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss (Doc. Nos. 6, 9) are granted and Clemens's claims are dismissed with prejudice. Clemens's motion for leave to amend (Doc. No. 35) is denied because amendment is futile. The Court also denies Clemens's motion for summary judgment (Doc. No. 26), which was premature when filed and now fails because the Court has dismissed all of Clemens's claims with prejudice. (Doc. No. 26.) Finally, Clemens's motions challenging defense counsels' authority to appear in this action on Defendants' behalf, requesting a hearing on the same, and moving to strike Defendants' filings because counsel lacks such authority, are also denied. (*See* Doc. Nos. 10, 11, 14, 19, 20, 25, 32, 34.) An appropriate order follows.